UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE WASHINGTON, | Case No. 1:12 cv 01473 AWI GSA PC |
| Plaintiff, | |
| vs. | ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT |
| D. OGLETREE, et al., | |
| Defendants | |
| | AMENDED COMPLAINT DUE IN THIRTY DAYS |

## I.      Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1

appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534

U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.

Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's

claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the

liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams,

490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not

supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union

Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268

(9th Cir. 1982)).

## II.     Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and

Rehabilitation (CDCR) at the Central California Women's Facility (CCWF), brings this civil

rights action against correctional officials employed by the CDCR at CCWF.  Plaintiff names the

following individual defendants: Correctional Officer (C/O) D. Ogletreee; C/O E. Cardenas;

Lieutenant Auob.

Plaintiff alleges that on April 17, 2011, C/O Ogletree became upset with Plaintiff because

she used the telephone prior to her scheduled time.  Plaintiff alleges that Ogletree moved

Plaintiff into another cell.  Plaintiff alleges that Ogletree "based his decision to segregate me

from other races of inmates was because in his opinion I was a 'bully,' so he moved me to an all

2

Black cell with inmates he stated were of a different caliber and will not be intimidated by me."

Plaintiff alleges that the following Sunday, she was "bitten 4 times and cut by an inmate with

H.I.V."  Plaintiff screamed for help, and Ogletree and his partner laughed.  Plaintiff also alleges

that at some point, they left the cell door open during a lockdown.

Plaintiff also alleges that in 2008, Lt. Auob "tried to frame me."  Plaintiff "won," and as a

reprisal, Lt. Auob sent Plaintiff to Administrative Segregation (AdSeg), where she stayed for

over 365 days without a hearing.

### A.   **Rule 18**

Plaintiff appears to be setting forth three separate claims:  claims regarding the move to a

different cell and the resulting injury; leaving the cell door open during lockdown; placement in

AdSeg.  "The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to

relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as

independent or alternate claims, as many claims, legal equitable, or maritime, as the party has

against an opposing party.'  Thus multiple claims against a single party are permissible, but

Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.

Unrelated claims against different defendants belong in different suits, not only to prevent the

sort of morass (a multiple claim, multiple defendant) suit produces, but also to ensure that

prisoners pay the required filing fees.  The Prison Litigation Reform Act limits to 3 the number

of frivolous suits or appeals that any prisoner may file without the prepayment of the required

fees.  28 U.S.C. § 1915(g).  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's complaint includes multiple unrelated claims against differing defendants.

While it appears that Plaintiff may be able to state at least one cognizable claim, she clearly

violates Rule 18(a) by including multiple unrelated claims in this single filing.  Plaintiff will be

3

given an opportunity to file a first amended complaint under this case number, wherein she is directed to plead/allege only related claims.  All unrelated claims should be brought in separate suits.  Plaintiff is advised that if she chooses to file an amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed as strikes, such that Plaintiff may be barred from filing in forma pauperis in the future.

Plaintiff need not, however, set forth legal arguments in support of her claims.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.   Plaintiff should state clearly, in her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.   Plaintiff has failed to do so here.

## III.   Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims Upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

4

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send to Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

1          IT IS SO ORDERED.

2                                              Dated:   **May 16, 2013**            **/s/**

3     **Gary S. Austin**

4                                              UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28