UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE WASHINGTON,<br><br>            Plaintiff,<br><br>    v.<br><br>D. OGLETREE, et al.,<br><br>            Defendants. | 1:12-cv-01473-AWI-GSA (PC)<br><br>FINDINGS AND RECOMMENDATION, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF COUNSEL, BE DENIED<br><br>(Document #19)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.    BACKGROUND**

      Frankie Washington ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on September 10, 2013.  (Doc. 1.)  The court screened the Complaint pursuant to 28 U.S.C. § 1915A and entered an order on May 17, 2013, dismissing the Complaint for failure to state a claim, with leave to amend.  (Doc. 12.)  On July 15, 2013, Plaintiff filed the First Amended Complaint, which awaits the court's requisite screening.  (Doc. 14.)

      On December 6, 2013, Plaintiff filed a motion for preliminary injunction, or in the alternative, for appointment of counsel.  (Doc. 19.)

## II. PRELIMINARY INJUNCTION

### A. Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

### B. Plaintiff's Motion

Plaintiff seeks a court order directing prison officials to transfer her to another correctional facility on an "emergency" basis, because Plaintiff was assaulted by other inmates on November 23, 2013, and one of the inmates who assaulted her is now housed in the General Population with Plaintiff. Plaintiff also requests an order directing the prison to provide her with mental health treatment and treatment for physical injuries.

### C. Discussion

Plaintiff brings this action against the State of California and Correctional Officer D. Ogletree, for failure to protect Plaintiff from attack by another inmate in 2011 during an incident which occurred before she filed this action on September 11, 2012. The court order which

Plaintiff now requests would not remedy any of the claims upon which this action proceeds. Plaintiff requests a court order transferring her, to protect her from future actions. Because such an order would not remedy any of the claims upon which this action proceeds, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion for preliminary injunction must be denied.

### III.    MOTION FOR COUNSEL

#### A.    Legal Standard

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

#### B.    Plaintiff's Motion

In the alternative, Plaintiff seeks appointment of counsel by the court, specifically for counsel to prepare an emergency motion for preliminary injunction requesting Plaintiff's transfer to another facility. Plaintiff argues that she requires counsel because she is in "both mental and emotional pain" and is unable to prepare motions and moving papers on her own. (Motion, Doc. 19 at 2.)

#### C.    Discussion

In the present case, the court does not find the required exceptional circumstances to appoint counsel. Plaintiff has adequately set forth the issues in the motion for preliminary injunction he seeks, and it is unlikely that she would succeed on the motion even if assisted by

3

counsel.  Therefore, Plaintiff's motion for appointment of counsel should be denied.

IV.     **CONCLUSION AND RECOMMENDATION**

The court finds that the court lacks jurisdiction to issue the preliminary injunction sought by Plaintiff, and Plaintiff has not demonstrated the required exceptional circumstances for court appointed counsel.   Therefore, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunction, or in the alternative, for appointment of counsel be DENIED.

IT IS SO ORDERED.

Dated:   **December 17, 2013**              /s/ Gary S. Austin
                                     UNITED STATES MAGISTRATE JUDGE